IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERDINAND CLEMENTE,

    Plaintiff,

       v.

IC SYSTEMS, INC.,

    Defendant.
_____/

Case No. 10-cv-569-JAM-EFB

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

This matter comes before the Court on Defendant IC Systems, Inc.'s ("Defendant's") Motion to Dismiss (Doc. 6) Plaintiff Ferdinand Clemente's ("Plaintiff's") Complaint, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.[1] For the reasons set forth below, Defendant's motion is granted.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R 230(g).

1

FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations of the Complaint, Plaintiff is a consumer and Defendant is a debt collector. Plaintiff alleges that Defendant constantly and continuously places collection calls seeking and demanding payment for a debt, from the phone number 800-844-8001. Plaintiff alleges that Defendant causes Plaintiff's phone to ring repeatedly and continuously and that Defendant hangs up before Plaintiff or Plaintiff's voicemail answers. Plaintiff alleges that Defendant falsely represents the character amount and legal status of Plaintiff's debt. The Complaint further alleges that Plaintiff does not owe the money that Defendant is attempting to collect, but that Defendant continues to place calls to Plaintiff. Plaintiff's Complaint brings one claim for relief for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and one claim for relief for violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq.

I.   OPINION

A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must

accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Schere, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "Notwithstanding this deference, it is improper for a court to assume the plaintiff can prove facts which he or she has not alleged." Ozuna v. Home Capital Funding, 2009 WL 2496804, at *1 (S.D. Cal. Aug. 13, 2009). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint. See Fed. R. Civ. Pro. 15(a). "Absent prejudice, or a strong showing of any [other relevant] factor[], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in

original). "Dismissal with prejudice and without leave to amend is not appropriate unless . . . it is clear that the complaint could not be saved by amendment." Id.

B. Claims for Relief

1. Violation of the FDCPA, First Claim for Relief

Plaintiff alleges that Defendant's conduct violated sections 1692d(5), 1692e(2)(A), 1692e(10) and 1692f(1) of the FDCPA. Defendant contends that Plaintiff has not pled sufficient facts to state a claim under the FDCPA, because Plaintiff has merely pled the elements of the statute.

Plaintiff alleges Defendant violated 1692d(5), by causing a telephone to ring repeatedly and continuously with intent to annoy, abuse and harass Plaintiff. Plaintiff alleges that Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt. Section 1692d(5)prohibits "causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number."

Defendant argues that Plaintiff's failure to plead the time period during which the phone calls occurred, the dates of any of the alleged the phone calls, or any approximation of the

4

number of calls renders the Complaint defective as a matter of law.

The Court agrees that Plaintiff has done no more than plead the elements of the statute, which is insufficient to state a plausible claim for relief. See Ashcroft v. Iqbal, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")  As the court in Gorman v. Wolpoff & Abramson, LLP noted, defendants "cannot be expected to craft a responsive pleading when [plaintiff] fails to allege the date or contents of even one call that [defendant] allegedly made." 370 F. Supp.2d 1005, 1013 (N.D. Cal. 2005) rev'd in part on other grounds, 594 F.3d 1147 (9th Cir. 2009).

Likewise, Plaintiff's allegations that Defendant violated sections 1692e(2)(A), 1692e(10) and 1692f(1) of the FDCPA are simply allegations that plead the elements of a cause of action under the FDCPA, supported by legal conclusions. This falls short of pleading standards and is insufficient for this Court to determine if Plaintiff has a plausible claim for relief. Accordingly, Defendant's motion to dismiss the FDCPA claim is granted, without prejudice.

2. <u>Violation of the RFDCPA, Second Claim for Relief</u>

Plaintiff alleges that Defendant violated sections 1788.11(d), 1788.11(e) and 1788.17 of the RFDCPA based on the same allegations discussed above. Defendant argues that the allegations are likewise insufficient to state a claim under the RFDCPA.

As in the FDCPA claim, the RFDCPA claim merely pleads the elements of a cause of action under the RFDCPA, without any factual support. While the Complaint does not need to contain detailed pleadings, it must at least plead sufficient facts to state a plausible claim for relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 570. In <u>O'Donovan v. CashCall, Inc.</u>, the court found that the allegation that defendants had called plaintiff "multiple times each day" was sufficient to state a claim for violation of Section 1788.11. 2009 WL 1833990 at *6 (N.D. Cal. June 24, 2009). However, even the general allegation of "multiple times each day" is a more detailed allegation than is present in Plaintiff's Complaint. In short, Plaintiff's Complaint is so lacking in sufficient detail (e.g. the time period of the alleged phone calls) that it must be dismissed.

Accordingly, for the same reasons as previously discussed, Plaintiff's claim under the RFDCPA is dismissed without prejudice.

## III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED, WITHOUT PREJUDICE. Plaintiff is ordered to file an amended complaint within twenty (20) days of the date of this order.

IT IS SO ORDERED.

Dated: September 28, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE